IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| K.C. MERCER, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.  4:16-cv-3315 |
| BANK OF AMERICA, N.A. and BANK OF AMERICA, N.A., as SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, | § § § § § § | |
| Defendant. | § | |

### DEFENDANT BANK OF AMERICA, N.A.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Bank of America N.A. ("BANA")[1] respectfully submits this reply brief in further support of its April 21, 2017 Motion to Dismiss Plaintiff K.C. Mercer's ("Plaintiff") First Amended Complaint (the "Motion to Dismiss," Doc. 29) and in response to Plaintiff's opposition brief dated May 12, 2017 (the "Opposition" or "Opp.," Doc. 30).  As explained herein, nothing in Plaintiff's Opposition undermines the Motion to Dismiss, and therefore, the Court should dismiss the Amended Complaint (Doc. 23) in its entirety, with prejudice, pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rule of Civil Procedure.

**I.    ARGUMENT**

BANA relies on the legal arguments made in the Motion to Dismiss, which support a dismissal of the Amended Complaint pursuant to Rules 12(b)(1) and/or 12(b)(6), and briefly responds to statements and arguments made by Plaintiff in the Opposition, as set forth below.

---

[1] The Amended Complaint names BANA as a Defendant in its own capacity and also names BANA as a Defendant as successor by merger to BAC Home Loans Servicing, L.P.  BANA

1

**A.     BANA Objects to Plaintiff's Opposition to the Extent It Is Inconsistent with the Public Record and Otherwise Seeks to Add New Allegations Not Included in the Amended Complaint.**

Plaintiff, who characterizes herself as "Owner and Proprietor," states in the Opposition that BANA's motion to dismiss her original complaint was not granted. Opp. at 2. But as the court's docket reflects, the Court issued a Minute Entry on February 27, 2017, which states that BANA's motion to dismiss (Doc. 4) was "granted for the reasons stated on the record." *See* Docket.

In addition, BANA objects to Plaintiff's attempt to characterize her "factual allegations" as "irrefutable evidence to her right to relief," *see* Opp. at 1, as Plaintiff's allegations are not evidence of anything.

Next, BANA objects to Plaintiff's attempts to improperly add new allegations in the Opposition that do not appear in the Amended Complaint, such as her allegations of "mail fraud," Opp. at 4-5; statements that she "received a pre-approval letter 'congratulating' her for qualifying for reduced payments," *id.* at 3; statements that "continuous life-threatening events caused symptoms of mental illness, causing Owner and Proprietor to eventually lose her job," *id.* at 4; statements regarding a "white bottle with a red top and red labeling" that "she had seen and thrown away … 4 prior times, this made it the 5th time," *id.* at 9-10; statements regarding a bottle that "was on a shelf in the cabinet in her garage," *id.*; statements about "the '**GOTCHA**' NOTES she put in every single drawer in her home," *id.* at 10; statements concerning MERS, *id.* at 11; purported witnesses from Merrill Lynch, *id.* at 19; the "HUD1 Analysis" attached as the last page of the Opposition; and myriad other statements sprinkled throughout the Opposition. These allegations are not properly before the Court because they are not part of Plaintiff's

---

appears in its own capacity and as successor by July 1, 2011 *de jure* merger to BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing, LP).

operative pleading, and Plaintiff's attempt to rely on extraneous allegations to buttress the Opposition is improper.

Finally, BANA objects to all statements and allegations made by Plaintiff in the Opposition which are inconsistent with the public record, including the publicly recorded Deeds of Trust and related Assignments attached as exhibits to BANA's Motion to Dismiss, including her allegations that her loan was securitized into the FANNIE MAE REMIC TRUST 2006-90, which are not supported by the public record or Plaintiff's own "Audit," as discussed by BANA in the Motion to Dismiss. *See* Doc. 29 Pt. II, III.B.1, n.18.

### B. BANA Objects to Plaintiff's Characterization of the Forensic Audit as Prepared by Bloomberg.

Plaintiff argues in response to BANA's characterization of Plaintiff's reliance on the Audit as *misplaced* that "Bloomberg **is not a scam**." Opp. at 8 (emphasis in original). But Bloomberg did not prepare the Audit. Rather, the Audit—which is attached as Exhibit C to the Amended Complaint—was prepared by Michael Carrigan ("Carrigan") and Certified Forensic Loan Auditors, LLC., an entity which has no affiliation with Bloomberg. Furthermore, it is a matter of public record that the Federal Trade Commission has warned consumers that audits such as the Audit prepared by Carrigan are scams. *See* 2010 WL 1824169 (F.T.C.).[2] Thus, Plaintiff's arguments regarding "Bloomberg" are irrelevant.

### C. Plaintiff Does Not Dispute BANA's Arguments Regarding BANA's Standing to Foreclose and Plaintiff's Lack of Standing to Challenge the Assignments.

As discussed in the Motion to Dismiss, BANA has standing to foreclose as assignee of the Deed of Trust, and under controlling Fifth Circuit precedent, Plaintiff lacks standing to challenge the Assignments of the Deed of Trust, and her claim for lack of standing to foreclose

---

[2] "Phony Audits: A New Twist on Foreclosure Rescue Scams," Federal Trade Commission, dated May 7, 2010.

3

(Count 8) fails as a matter of law. *See* Doc. 29 Pt. III.C. Plaintiff does not address or oppose these points of law in the Opposition, and instead, she revisits her false claim that her loan was placed into a pooling and servicing agreement and argues that the Note and Deed of Trust were split, Opp. at 10-11—points which are (i) contradicted by the public record and Plaintiff's own documents and (ii) contrary to Fifth Circuit precedent. *See* Doc. 29 Pt. II, III.B.1, III.D. Accordingly, the Court should dismiss, with prejudice, each of Plaintiff's claims, including Count 8, to the extent her claims are based on a challenge to the Assignments, BANA's standing to foreclose, allegations regarding the alleged PSA which are contradicted by Plaintiff's own "Audit," and allegations regarding the split-the-note theory.

### D. Plaintiff Lacks Standing to Assert Claims Based on "Consent Orders"

In the Motion to Dismiss, BANA argues Plaintiff's Counts 1, 13, 15, and 16 fail because Plaintiff lacks standing to assert claims based on an alleged violation of a consent order under *Blue Chip* and its progeny. *See* Doc. 29 Pt. III.E. In response, Plaintiff argues that "consent orders were made to stop Defendants' unsafe and unsound servicing practices" and that her TDCPA and FDCPA claims were adequately pled. Opp. at 11, 13. Plaintiff's protestations do not and cannot overcome clear U.S. Supreme Court precedent on this very issue.

In addition, Plaintiff argues that "the Department of Justice requested Owner and Proprietor's principle [sic] balance to be reduced" and the "request was ignored." Opp. at 13. But it is a matter of public record that Plaintiff's loan is a Fannie Mae loan, as discussed in the Motion to Dismiss, *see* Doc. 29 Pt. II, III.B.1, III.Z, n.18, and it is also a matter of public record that loans owned by Fannie Mae and Freddie Mac were not impacted by the national mortgage settlement between the Department of Justice ("DOJ") and five major lenders.[3] Thus, contrary

---

[3] *See* https://www.doj.nh.gov/consumer/mortgage-settlement/documents/national-mortgage-settlement.pdf; *see also* https://www.justice.gov/ust/national-mortgage-settlement;

to her arguments, allegations, and independent *beliefs*, Plaintiff's loan *was not eligible* for a principal reduction under the DOJ's program. Accordingly, Plaintiff's allegations regarding the still-unidentified "consent decree" on which Plaintiff relies, and any allegations regarding the DOJ's principal reduction program, do not and cannot support a plausible claim for relief.

### E. Plaintiff's Statements Regarding the Economic Loss Doctrine Are Irrelevant Because BANA Owes No Duty to Plaintiff to Support a Tort-Based Claim.

In the Motion to Dismiss, BANA argues Plaintiff's Counts 14, 15, 19, 21, and 22 are barred as a matter of law by the economic loss doctrine because Plaintiff's tort claims arise out of the contractual relationship between Plaintiff and BANA vis-à-vis the Note and Deed of Trust. *See* Doc. 29 Pt. III.F.  In response, Plaintiff argues "a Plaintiff can recover in tort where the defendant breaches a duty which is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit." Opp. at 12.  The critical distinction here is that BANA owes *no legal duty* to Plaintiff to support her tort-based claims because there is *no special relationship* between Plaintiff and BANA under Texas law:

> To impose a duty in tort upon parties to a contract, the court must first find that a special relationship exists between them. *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.–Houston 1996, no writ); *Carrington v. Bank of Am., N.A.*, 2013 WL 265946, at *7 (S.D. Tex. Jan. 17, 2013). **No such relationship exists under a contract between mortgagor and mortgagee.** *Carrington*, 2013 WL 265946, at *7; *FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990); *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.–Corpus Christi 2005, no pet.).

*In re Trevino*, 535 B.R. 110, 150 (Bankr. S.D. Tex. 2010) (emphasis added); see also Doc. 29 Pt. III.F.  In the absence of a special relationship or legal duty owed by BANA to Plaintiff, Plaintiff's tort claims are barred as a matter of law. *See Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) ("When the injury is only the economic loss to the subject of a

---

http://www.nationalmortgagesettlement.com/faq ("Loans owned by Fannie Mae or Freddie Mac

contract itself the action sounds in contract alone." (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)); *see also Arlington Home, Inc. v. Peak Envtl. Consultants, Inc.*, 361 S.W.3d 773, 779 (Tex. App.—Houston [14th Dist.] 2012) (the economic loss rule "generally precludes recovery in tort when the only economic loss to the plaintiff is the subject matter of a contract"). Thus, for these reasons and those stated in the Motion to Dismiss, the Court should dismiss Plaintiff's Counts 14, 15, 19, 21 and 22 with prejudice.

### F. Plaintiff's Remaining Arguments Do Not Salvage Her Claims From Dismissal.

In the remainder of the Opposition, Plaintiff argues Counts 2-5, 7, 9-10, 12-13, 15-16, and 18-21 were adequately pleaded.[4] *See* Opp. at 13-21. But each of these claims is inadequately pleaded or otherwise fails under applicable federal and/or state court precedent, as discussed in the Motion to Dismiss. *See* Doc. 29 Pts. III.H-X. In addition, Plaintiff does not appear to oppose the dismissal of Counts 1, 6, 8, 14, 22,[5] or her purported claims for violation of RESPA and Section 50(a)(6) of the Texas Constitution because she does not address BANA's arguments made in support of a dismissal of these claims in the Opposition. Thus, for these reasons and those stated in the Motion to Dismiss, the Court should dismiss the Amended Complaint with prejudice.

---

are not impacted by this settlement.").

[4] These counts include Plaintiff's claims for violation of the TDCPA (Count 2), violation of the Fair Debt Collection Practices Act (Count 3), violation of § 12.002 of the CPRC (Count 4), violation of § 16.035 of the CPRC (Count 5), civil conspiracy (Count 7), trespass (Count 9), invasion of privacy (Count 10), violation of TILA (Count 12), breach of contract (Count 13), fraud (Count 15), violation of the duty of good faith and fair dealing (Count 16), quiet title (Count 18), defamation (Count 19), loss of consortium (Count 20), and intentional infliction of emotional distress (Count 21).

[5] These counts include Plaintiff's claims for promissory estoppel (Count 1), liability in tort for stalking (Count 6), lack of standing to foreclose (Count 8), intentional interference with a contractual relationship (Count 14), and negligent infliction of emotional distress (Count 22).

### G.       Plaintiff Is Not Entitled to the Declaratory or Injunctive Relief She Seeks.

Plaintiff does not state a plausible claim for relief in the Amended Complaint, for the reasons discussed above and in the Motion to Dismiss. Thus, Plaintiff is not entitled to the declaratory relief she seeks in Count 17, Count 18, or elsewhere in the Amended Complaint, and she is not entitled to a TRO or temporary injunction as requested in Count 11. *See* Doc. 29 Pt. III.BB & CC.  Accordingly, the Court should dismiss Plaintiff's requests for declaratory and injunctive relief with prejudice.

## II.    CONCLUSION

For the reasons stated herein and in the Motion to Dismiss, BANA requests that the Court grant its motion and dismiss the Amended Complaint, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure, as a matter of law, to state any cognizable claim for relief.

Dated: May 22, 2017                              Respectfully submitted,

By: */s/ Connie Flores Jones*
Connie Flores Jones
Texas Bar No. 00793736
Email: cflores@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Telephone: (713) 651-2782
Facsimile:  (713) 651-2700

***ATTORNEY FOR DEFENDANT***
***BANK OF AMERICA, N.A.***

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of May 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and caused a copy of same to be delivered to pro se Plaintiff K.C. Mercer via regular U.S. mail and email at the following:

K.C. Mercer
90 W. Honey Grove Place
The Woodlands, TX 77382
kctuckness@yahoo.com

                                                        */s/ Connie Flores Jones*
                                                        Connie Flores Jones